**Julio Cesar SALINAS–CALLES, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 07–75064.**

United States Court of Appeals, Ninth Circuit.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted March 18, 2009.*

Filed March 27, 2009.

Jorge Ivan Rodriguez–Choi, Esquire, Law Offices of Jorge Rodriguez–Choi, San Francisco, CA, for Petitioner.

Dalin Holyoak, Esquire, Kristin A. Moresi, Esquire, Oil, Barry J. Pettinato, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, HAWKINS and TASHIMA, Circuit Judges.

## MEMORANDUM **

Julio Cesar Salinas–Calles, native and citizen of El Salvador, petitions for review of a Board of Immigration Appeals ("BIA") order dismissing his appeal from an immigration judge's decision denying his applications for asylum and withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence, *Santos–Lemus v. Mukasey,* 542 F.3d 738, 742 (9th Cir.2008), and deny the petition for review.

Substantial evidence supports the BIA's denial of asylum and withholding of removal because petitioner failed to show that his alleged persecutors threatened him on account of a protected ground. Petitioner's fear of future persecution based on an actual or imputed anti-gang opinion is not on account of the protected ground of ei-

ther membership in a particular social group, *see id.* at 745–46 (holding that the group of young men in El Salvador resisting gang violence is too loosely defined to meet the requirement for particularity), or political opinion, *see id.* at 747 (affirming BIA's determination that "general aversion to gangs does not constitute a political opinion for asylum purposes"). *See also Ochave v. INS,* 254 F.3d 859, 865 (9th Cir.2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.")

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Petitioner does not challenge the denial of

protection under the Convention Against Torture.

